UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEON C. HUNTLEY,

    Plaintiff,

v.                                  Case No: 6:12-cv-613-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. 25). The Commissioner has filed a response in opposition (Doc. 26), and Plaintiff has filed a reply to the Commissioner's response (Doc. 27).[1] On June 6, 2013, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23). The next day, the Clerk entered Judgment. (Doc. 24). Plaintiff filed this application for attorney's fees on September 3, 2013. (Doc. 25).

Plaintiff seeks an award of $6,956.43 in fees. Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had

---

[1] Plaintiff filed his reply without leave of the Court, in violation of M.D. Fla. Local Rule 3.01(c). For purposes of this motion, I have suspended enforcement of 3.01(c) and considered the reply. M.D. Fla. Local Rule 1.01(c). Plaintiff's counsel should not expect a similar result if another violation of the Local Rule occurs.

a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). The record together with the affidavit of Plaintiff's counsel (Doc. 25-1), establish all of these requirements and the Commissioner does not dispute Plaintiff's claim that he qualifies for an award of fees.

The first issue before the Court is the amount of fees to be awarded. Counsel for Plaintiff seeks payment at the rate of $172.55 per hour for 35.5 hours of work performed in 2012; $172.55 per hour for 3.1 hours of work performed in 2013; and $80 per hour for 3.7 hours of administrative work. (Doc. 25). The Commissioner argues that Plaintiff's claim includes unnecessary hours and time spent on un-compensable clerical tasks. In particular, the Commissioner objects to the 30.80 hours claimed for preparation of Plaintiff's brief and suggests the Court reduce the amount to 20-25 hours. The appropriateness of counsel's hourly rate is not in dispute.

The second issue is who the fees should be paid to. Plaintiff has assigned his right to the fee to his lawyer. But, Plaintiff neglected to attach a copy of the assignment to his motion and now, the Commissioner objects to payment of the fee directly to counsel. Plaintiff attached a copy of the assignment to his unauthorized reply. (Doc. 27). In light of the assignment, Plaintiff requests that the payment be made payable to him and delivered to his lawyer unless Plaintiff owes a federal debt.

*I.     Reasonable Hours Spent*

Prevailing plaintiffs' attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may bill adversaries for only the same hours they would bill a client. Resolution

Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted).

The first five pages of Plaintiff's 20-page brief consist of the cover page, table of contents, and table of authorities. Plaintiff did not raise any novel issues and he is represented by an experienced attorney. Plaintiff's lawyer recorded 8 hours for reviewing the transcript; 7 hours for legal research; 7 hours for drafting the brief; 5.5 hours for editing the brief; and 3.3 hours for preparing the tables, finalizing and filing the brief. I have considered the amount of time the Court expended to review the same record and research and analyze the issues. I have also applied my own experience and knowledge of the fees charged for similar services in the Middle District of Florida. Considering the final work product and the amount of time the Court required to review the same transcript and analyze the issues in the case, I find the 7 hours claimed for research and the 8.8 hours claimed to edit the brief and create the table of authorities excessive. Based upon this analysis I conclude that the amount of time claimed by Plaintiff to prepare and file his brief should be reduced by five hours.

The Commissioner also objects to one hour of time spent on drafting summonses, drafting the Complaint, preparing the civil cover sheet, and filing a notice of appearance along with an additional 3.7 hours for "administrative work" billed at $80 per hour. The Commissioner argues that all of these entries are clerical in nature and thus, not compensable.

Work that is "purely clerical in nature, such as contacting court reporters, . . . mailing, filing, and delivering documents is not compensable." Montgomery v. Florida

First Fin. Group, Inc., Case No. 6:06-cv-1639-ORL-31KRS, 2008 WL 3540374 at *13 (M.D. Fla. 2008); see also Scelta v. Delicatessen Support Servs. Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("[T]he efforts of a paralegal are recoverable only to the extent the paralegal performs work traditionally done by an attorney.  Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses.").  "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment."  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1306 (11th Cir. 1988).

Courts in this district have found the preparation of summonses and civil cover sheets to be clerical work.  See Ward v. Astrue, No. 3:11-cv-523-J-TEM, 2012 WL 1820578 *3 (M.D. Fla. May 18, 2012); see also Surge v. Massanari, 155 F. Supp. 2d 1301, 1305 n.7 (M.D. Ala. 2001) (finding that clerical tasks include "preparing summons, copying documents, filing documents at the Clerk's office, serving pleadings, receiving documents, and mailing documents."). In addition, filing notices with the court are typically seen as clerical work.  See id.  Preparation of the complaint should be compensable, but because counsel has not separated his billing statement into more individual tasks, the Court cannot tell how much time counsel spent on preparing the complaint as opposed to drafting the summons and civil cover sheet.  See Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 429 (11th Cir. 1999) ("The imprecision of the billing records makes it difficult, if not impossible to calculate with any precision the number of hours an attorney devoted to a particular task in this litigation."). Finally, the 3.7 hours claimed as administrative work are not compensable because

Plaintiff does not identify who performed the administrative work, and the work is clerical in nature.

Accordingly, I recommend that: (1) the Court find the amount of time spent preparing Plaintiff's brief should be reduced five hours; (2) the Court deduct one hour from counsel's claimed hours by eliminating the entries listed for April 23, 2014 and May 10, 2012; and (3) the Court deny Plaintiff's request for fees for 3.7 hours of admittedly administrative work.

## II. Assignment of Fees

In Astrue v. Ratliff, —U.S. —, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and is therefore, subject to offset to satisfy any pre-existing debt owed by the plaintiff to the government. The Ratliff Court implicitly approved the Commissioner's practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to such fees to the attorney. Id. at 2529. Because EAJA awards are against the United States, any assignment must satisfy the Anti-Assignment Act. See 31 U.S.C. § 3727(a)(1). The Anti-Assignment Act provides:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. As assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b). The assignment between Plaintiff and his counsel does not satisfy the Anti-Assignment Act. It was executed before the Court determined to allow an EAJA award, it lacks two witness signatures, and does not mention a warrant for payment. And, although Plaintiff has attached his assignment of fees to his reply, the Commissioner has still not waived the Anti-Assignment Act's requirements. (Doc. 26 at 3; Docket). Accordingly, I recommend the Court find that Plaintiff's attorney's fees should be paid directly to Plaintiff.

### III. Recommendation

Pursuant to the provision of the EAJA, I respectfully recommend that the Court award Plaintiff attorney fees payable directly to Plaintiff; reduce counsel's time claimed in 2012 by six (6) hours; and decline to award Plaintiff fees for "administrative work." In all other respects, I recommend that the Court **GRANT** Plaintiff's motion. This will result in an award **$5,625.13** in attorney's fees to be paid to Plaintiff out of the judgment fund.[2]

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 1, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[2] 32.6 hours x $172.55 per hour = $5,625.13.

- 6 -