**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LEON C. HUNTLEY,

        Plaintiff,

v.                                  Case No. 6:12-cv-613-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 25), filed September 3, 2013;

2. Defendant's Objection to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 26), filed September 17, 2013;

3. Plaintiff's Attorney's Reply Brief in Support of the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 27), filed September 19, 2013;

4. The Report and Recommendation of United States Magistrate Judge Thomas B. Smith (Doc. 28), filed October 1, 2013; and

5. Plaintiff's Objection to a Portion of the Report and Recommendation of Magistrate Issued October 1st, 2013 (Doc. 29), filed October 13, 2013.

## BACKGROUND

On June 6, 2013, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of

42 U.S.C. § 405(g). (Doc. 23.) Plaintiff filed an application for attorney's fees on September 3, 2013, requesting $6,956.43 in fees (comprised of 38.6 hours of work at the rate of $172.55, and 3.1 hours of administrative work at the rate of $80 per hour). (Doc. 25.) The Commissioner filed a response, objecting to the amount of fees requested and the payee designation—but not objecting to the payment of fees. (Doc. 26.) Plaintiff then filed an unauthorized reply to the Commissioner's response on September 19, 2013, and included an affidavit from Plaintiff assigning his right to attorney's fees to his attorney. (Doc. 27.)

On October 1, 2013, U.S. Magistrate Judge Thomas B. Smith issued a Report and Recommendation, recommending that the amount of time expended by Plaintiff's counsel should be reduced by six hours, and Plaintiff should not be awarded for the 3.7 hours billed for "admittedly administrative work." (Doc. 28, pp. 3–4.) Magistrate Judge Smith further recommended that "Plaintiff's attorney's fees should be paid directly to Plaintiff"—not to Plaintiff's attorney. (*Id.* at 5–6.) These recommendations would result in an attorney's fee award of $5,625.13, paid directly to Plaintiff. (*Id.* at 6.) Plaintiff filed timely objections to the Report and Recommendation. (Doc. 29.)

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

**DISCUSSION**

"A district court may award reasonable attorney's fees as part of its judgment in favor of a Social Security claimant who was represented by a lawyer." *Black v. Culbertson*, 470 F. App'x 737, 738-39 (11th Cir. 2012). "The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate." *Andrews v. U.S.*, 122 F.3d 1367, 1375 (11th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). After determining the reasonably expended hours and the reasonable hourly rate, the "district court may then adjust the resulting 'lodestar' depending upon a variety of factors." *Id.*

Plaintiff first objects to the recommended reduction of five hours for preparation of Plaintiff's brief because: (1) the requested 38.6 hours "falls squarely within the range courts have typically found to be reasonable; (2) Magistrate Judge Smith improperly considered the expertise of Plaintiff's attorney; and (3) Magistrate Judge Smith considered the "inapposite" fact that Plaintiff raised no novel issues. (Doc. 29, pp. 1–4.) The Court rejects Plaintiff's objections to the five hour reduction in the hours expended by Plaintiff's counsel. Although Plaintiff cites considerable case law to support the proposition that twenty to forty hours is a "reasonable" expenditure in Social Security cases, none of the cases suggest that a request in that range should be automatically granted or is not subject to a reasonableness determination.[1] The record in this action

---

[1] This Court's review of attorney's fees awarded in this district in recent months indicates that an award in excess of thirty hours is uncommon. *Cruz v. Colvin*, No. 3:12-CV-283-J-32TEM, 2013 WL 5888116, *1 (M.D. Fla. Oct. 31, 2013) (finding 23.7 hours to be reasonable); *Stone v. Comm'r of Soc. Sec.*, No. 3:12-CV-637-J-MCR, 2013 WL 5487006, *2 (M.D. Fla. 2013) (finding 14.2 hours to be reasonable); *Gonzalez v. Colvin*, No. 8:12-CV-674-T-TGW, 2013 WL 5308093, *1 (M.D. Fla. Sept. 19, 2013) (approving unchallenged request for 19.65 hours); *Wade v. Comm'r of Soc. Sec.*, No. 3:12-CV-853-J-MCR, 2013 WL 5236673, *2 (M.D. Fla. Sept. 17, 2013) (finding 18.7 hours to be

was only 340 pages, and the Court agrees that the issues raised were not novel. Accordingly, the Court will not disturb the Magistrate Judge's assessment of the time that would have been reasonable to expend in preparing Plaintiff's brief in this matter. *Powell v. Colvin*, No. 8:12-CV-2078-T-33TBM, 2013 WL 4781083, *3 (M.D. Fla. Sept. 6, 2013) (reducing forty-two hour EAJA fee request by seventeen hours).

Plaintiff also argues that Magistrate Judge Smith erred in recommending that the Court should deny Plaintiff's request for 3.7 hours of administrative work at $80 per hour. (Doc. 29, pp. 4–5.) The case law Plaintiff cites in support of his position is not authoritative or persuasive. Whether to award fees for administrative tasks is within the court's discretion, and declining to award such fees in this case was appropriate. *Powell*, 2013 WL 4781083, at *3 (subtracting fees for "clerical tasks" from award of attorney's fees); *Ward v. Astrue*, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, *2-*3 (M.D. Fla. May 18, 2012).

Plaintiff's final objection is that Magistrate Judge Smith erred in recommending that the fees should be paid to Plaintiff rather than directly to Plaintiff's attorney. (Doc. 29, pp. 6–8.) Magistrate Judge Smith's recommendation was based on his finding that Plaintiff and his counsel have not satisfied the Anti-Assignment Act because "it was

---

reasonable); *Preston v. Colvin*, No. 3:12-CV-482-J-MCR, 2013 WL 4502263, *2 (M.D. Fla. Aug. 22, 2013) (finding 24.5 hours to be reasonable) *Karboski v. Colvin*, No. 8:12-CV-2033-T-33EAJ, 2013 WL 4437239, *2 (M.D. Fla. Aug. 16, 2013) (finding 24.7 hours to be reasonable); *Kearney v. Colvin*, No. 8:12-CV-1961-T-33AEP, 2013 WL 3155032, *2 (M.D. Fla. June 19, 2013) (finding 23.3 hours to be reasonable); *Groninger v. Colvin*, No. 8:11-CV-1931-T-33AEP, 2013 WL 2708779, *2 (M.D. Fla. June 11, 2013) (finding 28.8 hours to be reasonable); *Daymon v. Colvin*, No. 3:11-CV-1108-J-MCR, 2013 WL 2479962, *2 (M.D. Fla. June 10, 2013) (finding 29 hours to be reasonable); *Spahiu v. Colvin*, No. 3:11-CV-1138-J-MCR, 2013 WL 2431969, *2 (M.D. Fla. 2013) (finding 20.8 hours to be reasonable); *Zupo v. Colvin*, No. 8:11-cv-2857-T-TGW, 2013 WL 2352198, *2 (M.D. Fla. May 29, 2013) (finding 21.90 hours to be reasonable); *White v. Comm'r of Soc. Sec.*, No. 3:12-cv-367-J-MCR, 2013 WL 1760221, *1 (M.D. Fla. April 24, 2013) (finding 21.5 hours to be reasonable).

executed before the Court determined to allow an EAJA award, it lacks two signatures, and does not mention a warrant for payment." (Doc. 28, p. 6.) Because Plaintiff does not effectively dispute these findings (Doc. 29, pp.6–7), his final objection is rejected.

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. The Objection (Doc. 29) is **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Thomas B. Smith (Doc. 28) is **ADOPTED** and **CONFIRMED** and made part of this Order.

3. Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 25) is **GRANTED**.

4. Plaintiff is awarded $5,625.13 in attorney's fees under the Equal Access to Justice Act, payable out of the judgment fund administered by the United States Department of Treasury.

5. The Clerk is directed to enter judgment in favor of Plaintiff in the amount of $5,625.13.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 8, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record